GEORGE W. ZINK, RESPONDENT, *v.* THE CITY OF BUFFALO, APPELLANT.

*Assessment — judgment restraining its collection — effect of on other suits for same purpose.*

Where a party, assessed for a local improvement, commences an action to restrain the municipal corporation from proceeding to collect such assessment and obtains judgment to that effect, such judgment does not prevent another person, not a party to such first mentioned action, from maintaining an action, brought for the same purpose.

APPEAL from a judgment of the Superior Court of Buffalo certified to this court, because of the disqualification of two of the justices of the Superior Court.

This action was brought to restrain the defendant from proceeding to collect an assessment, claimed to have been made upon the plaintiff's property, and in such proceeding to create a cloud upon the plaintiff's title.

Defendant only presented and argued one point upon the appeal, viz. : That the assessment roll described in the complaint and containing assessment on plaintiff's land, has been adjudged irregular and void by the decision of a competent court in the case of Wells & Mills against this defendant, and that there was not, at the commencement of this action, any assessment roll or assessment upon which the defendant could proceed, to create a cloud upon the plaintiff's title. The judgment in the case of *Wells & Mills* v. *The City of Buffalo,* was as follows :

That the said defendant, its officers and agents, be and they are hereby perpetually enjoined and restrained from selling the premises in said complaint and hereinafter described, or any part thereof, for the collection of either or any of said assessments, or from in any manner enforcing or collecting the said assessments, or either thereof, as against said plaintiffs.

That the comptroller of said defendant, upon service of a certified copy of this judgment, cancel and discharge the said several assessments upon the records thereof in his office, and that the

plaintiffs recover of said defendant the sum of seventy-four dollars and ninety-seven cents for the costs of this action as adjusted.

*Frank R. Perkins*, for the appellant.

*Sherman S. Rogers*, for the respondent.

*Per Curiam:*

It was not an error of the judge at Special Term in refusing to find and decide that the judgment entered in the case of Wells & Mills, proved on the trial, operated to annul said assessment roll and all the assessments mentioned therein, including those set forth in the complaint in this action, and that therefore the plaintiff could not maintain this action.

Such decision and judgment only bound the parties in that action, and set aside the assessment, so far, as it was a lien upon the lands of Wells & Mills. It still remained a lien and a cloud upon the plaintiff's lands. That action did not bring up, like a *certiorari*, the whole assessment roll for review in behalf of all the parties assessed. In such case, the judgment of the court would be upon the whole record, and might set aside and annul the whole assessment.

The decision in the case of Wells & Mills would operate as an adjudication upon the question presented in the same court, and in all others would doubtless be respected and followed as the opinion of the court until reversed. But it appears such a decision was not acquiesced in by the city, but the judgment was appealed from to the General Term, and such appeal was pending when this action was commenced and tried. This suit was therefore properly brought and the judgment should be affirmed with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs of appeal.